Supp. 33; 143 App. Div. 925, 128 N. Y. Supp. 1129.

McLAUGHLIN and DOWLING, JJ., dissent.

In re KINGSLEY'S WILL. (Supreme Court, Appellate Division, Fourth Department. October, 1911.) In the matter of the probate of the last will and testament of George W. Kingsley, deceased. No opinion. Appeal dismissed, upon stipulation filed.

KINKADE v. LIVE OAK COPPER MINING & SMELTING CO. et al. (Supreme Court, Appellate Division, First Department. March 8, 1912.) Appeal from Special Term, New York County. Action by James F. Kinkade against the Live Oak Copper Mining & Smelting Company and others. From a judgment for plaintiff, defendant named appeals. Reversed conditionally. See, also, 146 App. Div. 957, 131 N. Y. Supp. 1123. Nelson Zabriskie, for appellant. J. Aspinwall Hodge, for respondent.

PER CURIAM. The judgment appealed from is reversed, and a new trial granted, unless plaintiff stipulates to reduce the judgment from $2,763.07 to $1,634.06; and if such stipulation be given, then the judgment appealed from is so modified, and, as modified, affirmed, without costs to either party on this appeal.

KLEIN, Respondent, v. BROOKLYN MAJESTIC THEATRE CO., Appellant. (Supreme Court, Appellate Division, Second Department. February 23, 1912.) Action by Marie Klein against the Brooklyn Majestic Theatre Company. (Appeal No. 1.)

PER CURIAM. Order reversed, with $10 costs and disbursements, and motion denied, with costs. We think that the order for the second examination should stand. It appears possible that the same cause required the amputation of both breasts, and, if so, the plaintiff could not attribute the injury to the right breast, for which she seeks damages, to the negligence, or wholly to the negligence, of the defendant, complained of in this action. Defendant is not chargeable with shortcomings in the matter, and the facts shown justified the Special Term in granting the second order, which is properly limited in its scope. See Dambmann v. Butterfield, 15 Hun, 495. See, also, 132 N. Y. Supp. 1134.

KRULL et al., Appellants, v. STEIN et al., Respondents. (Supreme Court, Appellate Division. Fourth Department. January 17, 1912.) Action by Sarah A. Krull and others against Jacob J. Stein and another, as executors, etc. No opinion. Judgment affirmed, with costs.

KUTTNER v. ULMAN. (Supreme Court, Appellate Division, First Department. February 23, 1912.) Action by Theodore Kuttner against Ira Ulman. No opinion. Motion to dismiss appeal granted, with $10 costs. Order filed.

KUTTNER v. ULMAN. (Supreme Court, Appellate Division, First Department. February 23, 1912.) Action by Theodore Kuttner against Ira Ulman. No opinion. Motion to dismiss appeal granted, without costs. Order filed.

LAARSON, Respondent, v. CAMERON, Appellant. (Supreme Court, Appellate Division, Second Department. March 1, 1912.) Action by Selma Laarson, as administratrix, etc., against Julia E. Cameron.

PER CURIAM. Judgment and order affirmed, with costs.

BURR, J., dissents, upon the ground that a finding that other and different appliances than those furnished by defendant for shifting belts were in common and general use in connection with such machinery as was here employed is against the weight of the evidence, and upon the further ground that plaintiff's intestate assumed the risk of the employment.

LACHMANN et al. v. PEOPLE et al. (Supreme Court, Appellate Division, Second Department. March 15, 1912.) Action by Abraham Lachmann and another against the People of the State of New York and others. No opinion. Final judgment and order affirmed, with costs. See, also, 144 App. Div. 942, 129 N. Y. Supp. 1131.

LA DUE, Respondent, v. NEW YORK & ST. L. R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. February 2, 1912.) Action by Edward F. La Due against the New York & St. Louis Railroad Company. No opinion. Judgment and order affirmed, with costs.

In re LAKE SHORE & M. S. RY. CO. (Supreme Court, Appellate Division, Fourth Department. October, 1911.) In the matter of the application of the Lake Shore & Michigan Southern Railway Company for the appointment of commissioners to ascertain the compensation to be made to the owners of and parties interested in certain lands situated in the town of Hanover, county of Chautauqua, and state of New York, and proposed to be taken by the Lake Shore & Michigan Southern Railway Company, and claimed to be owned by Ida Dickinson and others.

PER CURIAM. Report of commissioners set aside, and the order confirming the same reversed, and matter remitted to the Special Term for the appointment of new commissioners, with costs of this appeal to appellant. Held, that the submission of the printed record and briefs on the former appeal to Commissioner Palmer without the knowledge of the appellant was improper, requiring a reversal